UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSUE NATANAEL CRESPO-ARMAS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>DAVID VENTURELLA,<br>ACTING FIELD OFFICE DIRECTOR,<br>WARDEN/ADMINISTRATOR,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00543-JPH-MG |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO ENFORCE ORDER GRANTING HABEAS PETITION**

Josue Natanael Crespo-Armas petitioned the Court for a writ of habeas corpus, seeking release from the Clay County Jail, where he is detained on behalf of federal immigration authorities. The Court granted Mr. Crespo-Armas's petition insofar as it directed the respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and its regulations or, in the alternative, release him from detention. Dkt. 15. Respondents filed a response. Dkt. 21. Mr. Crespo-Armas did not reply.

Mr. Crespo-Armas received a bond hearing on September 15, 2026. Dkt. 21-1. Immigration Judge Jaime Poarch denied Mr. Crespo-Armas's request for release on bond, finding that he is a flight risk. *Id.* Thereafter, Mr. Crespo-Armas filed a motion to enforce the Court's previous order granting the habeas petition, arguing that Judge Poarch's denial of bond violates the Fifth Amendment's due

process clause because she did not correctly evaluate the evidence and applied the wrong burden of proof. Dkt. 18 at 3 ("Even with the burden wrongly placed on him, Mr. Crespo-Armas's history of compliance, employment, family and community support, and the numerous letters support submitted on his behalf clearly demonstrate that he was not a flight risk.").

For the reasons below, the Court denies the motion without prejudice.

## I. Jurisdiction

Respondents argue that 8 U.S.C. § 1226(e) places Mr. Crespo-Armas's motion outside this Court's jurisdiction. The Court previously determined that while § 1226(a) gave the Attorney General authority to detain Mr. Crespo-Armas, it also required that Mr. Crespo-Armas receive a bond hearing. Under § 1226(e), the "Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." More pointedly: "No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("§ 1226(e) precludes an alien from challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.").

The government argues that § 1226(e) insulates Judge Poarch's denial of bond from judicial review. While § 1226(e) prohibits judicial review of discretionary judgments of immigration judges, it does not deprive federal courts of jurisdiction to hear *constitutional* challenges to detention in habeas cases. *See*

*Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review . . . . [W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear."); *see also Davila Moreno v. Blanche*, No. 2:26-cv-00426-JPH-MG, dkt 14, at *4–5 (S.D. Ind. July 24, 2026) (collecting cases).

Therefore, to the extent Mr. Crespo-Armas asks the Court to review a discretionary decision by Judge Poarch, such review is barred by § 1226(e). Because Mr. Crespo-Armas raises a constitutional claim that the Court is not prohibited from adjudicating, however, the Court considers Respondents' argument that Mr. Crespo-Armas was obligated to exhaust available administrative remedies by appealing Judge Poarch's decision to the Board of Immigration Appeals (BIA).

**II. Exhaustion**

There is no statutory requirement to exhaust remedies in the context of a discretionary bond denial under 8 U.S.C. § 1226(a), so "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). "In exercising that discretion, [the Court] must balance the individual and institutional interests involved, taking into account 'the nature of the claim presented and the characteristics of the particular administrative procedure provided.'" *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy*, 503 U.S. at 146). There is a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy*, 503 U.S. at

144–45; *see also Gonzalez*, 355 F.3d at 1017 ("The Supreme Court has set out two purposes for exhaustion: protecting administrative agency authority and promoting judicial efficiency.").

But the Seventh Circuit has held that exhaustion is not required when:

> (1) . . . exhaustion . . . causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016.

Respondents argue that the BIA is capable of resolving Mr. Crespo-Armas's objections to Judge Poarch's decision—that she improperly allocated the burden of proof and incorrectly evaluated the evidence. Dkt. 21 at 7. Mr. Crespo-Armas did not respond to this argument, nor has he asserted that any of the *Gonzalez* factors are present and should permit him to proceed in this Court without pursuing those claims first through the BIA. The Court finds that the factors do not excuse Mr. Crespo-Armas from exhausting his administrative remedies.

As an initial matter, Respondents did what the Court ordered them to do, that is, provide Mr. Crespo-Armas with "an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations." Dkt. 15 at 8. Neither § 1226(a) nor its regulations place the burden of proof on the government at an administrative bond hearing, and the Court's order did not address that issue. Therefore, Mr. Crespo-Armas's motion to enforce does not

ask the Court to compel the respondents to grant the relief the Court previously ordered; instead, it asks the Court to grant new or different relief.

"[D]ue process claims are generally exempt from the exhaustion requirement because the [BIA] does not have authority to adjudicate constitutional issues." *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir. 1993); *Barragan-Ojeda v. Sessions*, 853 F.3d 374, 380 n.21 (7th Cir. 2017) (Exhaustion is not required when "the BIA itself would be powerless to address the problem, as might be the case with some fundamental constitutional claims . . . such as constitutional challenges to statutory or regulatory provisions."). There is an exception, however, when the petitioner's constitutional claim "involves procedural issues correctable by the administrative tribunal." *Casteneda-Suarez*, 993 F.2d at 144.

For example, in *Rapheal v. Mukasey*, the petitioner argued that her due process rights were violated when an immigration judge failed to warn her about the need to produce corroborative evidence. 533 F.3d 521, 530 (7th Cir. 2008). The Seventh Circuit rejected that argument, reasoning that "[h]ad [petitioner] raised this issue before the Board it could have, if appropriate, remanded the case to the IJ." *Id.*; *see also Capric v. Ashcroft*, 355 F.3d 1075, 1087–88 (7th Cir. 2004) (holding that due process challenge due to lack of interpreter was "procedural in nature" and must be raised before the BIA); *Flores-Aradillas v. Mukasey*, 266 F. App'x 476, 480 (7th Cir. 2008) (unpublished) (exhaustion required when petitioner made a constitutional claim based on "procedural

failings that the BIA is capable of addressing" via remand); *Mojsilovic v. Immigration & Naturalization Serv.*, 156 F.3d 743, 748–49 (7th Cir. 1998) (ineffective assistance of counsel claim subject to exhaustion requirement because BIA could have corrected error by remanding case).

Here, Mr. Crespo-Armas's challenge to Judge Poarch's assessment of the evidence is an issue "correctable by the administrative tribunal." *Castaneda-Suarez*, 993 F.2d at 144. He argues that Judge Poarch looked at evidence on both sides of the issue and reached the wrong result. If so, the BIA can right Judge Poarch's wrong by remanding the case. *Rapheal*, 533 F.3d at 530.

Mr. Crespo-Armas's argument that Judge Poarch misapplied the burden of proof overlaps substantially (if not entirely) with his sufficiency-of-the-evidence argument. He seeks either remand to the immigration judge with instructions to reassess the evidence through a different lens or an order for release from custody. "[T]he Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez*, 355 F.3d at 1017. Here, the BIA may grant Mr. Crespo-Armas the relief he seeks—release from custody—independent of the unresolved burden-of-proof claim. The errors that Mr. Crespo-Armas argues were made by Judge Poarch are therefore "correctable by the administrative tribunal." *Castaneda-Suarez*, 993 F.2d at 144. The Court declines to intervene before Mr. Crespo-Armas exhausts his administrative remedies.

## III. Conclusion

Mr. Crespo-Armas's motion to enforce the Court's previous order, dkt. [18], is **denied without prejudice** because, to the extent it raises claims not barred by 8 U.S.C. 1226(e), Mr. Crespo-Armas failed to exhaust them through the administrative process.

**SO ORDERED.**

Date: 10/19/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel